IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

THOMAS FRANCIS YOUNG and                                          Bankruptcy No. 13-12166-t11
CONSUELO ANGELINA YOUNG,

       Debtors.
_____
THOMAS FRANCIS YOUNG,

       Appellant,

v.                                                                                              No. 1:14-CV-01143 JB-LF

NATIONSTAR MORTGAGE, LLC,

       Appellee.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Appellee Nationstar Mortgage, LLC's ("Nationstar") Motion to Dismiss (Doc. 14). Appellant Thomas Francis Young, appearing pro se, did not file a response to the motion, and the time to do so has passed. The Honorable James Browning referred this case to me to recommend an ultimate disposition. Doc. 17.

As an initial matter, Nationstar and Young both have failed to adhere to this District's local rules, risking summary disposal of the motion to dismiss. Nonetheless, the Court will address the motion on its merits. Having considered the motion and the relevant law, I recommend that the Court dismiss Young's appeal because it is moot.

**I.       The Parties' Failure to Adhere to the Local Rules**

This District's local rules require that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). There is an exception in pro se *inmate* cases, but

otherwise, movants must determine whether a pro se litigant concurs in the motion. *Id*. Nationstar did not certify that it made a good-faith request for concurrence prior to filing its motion, and the Court could summarily deny the motion on this basis.

The local rules also require that a response to a written motion be "served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Federal Rule of Civil Procedure 6(d) allows an additional three (3) days for mailing. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although the Court will liberally construe a pro se party's filings and hold them to less stringent standards than that of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this District has long insisted that pro se parties follow the same rules of civil procedure as any other litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Nationstar filed its motion to dismiss on March 10, 2015. Doc. 14. Nationstar properly served Young with a copy of its motion through the United States Postal Service. Doc. 14 at 4. Young had through March 27, 2015 to file a response, but failed to do so. It is now several months past the prescribed time for Young to file a response, and there is no indication on the docket that the parties have agreed to an extension of time. Young's failure to respond, therefore, constitutes consent to grant the motion.

While the Court may summarily dispose of Nationstar's motion based solely on Nationstar's failure to seek concurrence or Young's failure to submit a response pursuant to the local rules, the Court instead will address the merits of the motion.

**II.     Discussion**

    A.     Background Facts

Young and his spouse, Consuelo, filed a Chapter 11 bankruptcy proceeding on June 26, 2013.  Doc. 4 at 5.  Nationstar is a secured creditor that holds a first lien mortgage on the Youngs' residence.  Doc. 4 at 20.  On December 15, 2014, the United States Bankruptcy Court lifted the bankruptcy stay under 11 U.S.C. § 362(d), authorizing Nationstar to pursue its state law remedies against the Youngs' property.  Doc. 8 at 14–18 (RP 252–56[1]).  Thomas Young[2] appealed the December 15, 2014 order to this Court on December 17, 2014.  Doc. 1 (RP 257–62).  During the pendency of the appeal, however, the bankruptcy court dismissed the Youngs' bankruptcy case because of the Youngs' failure to confirm their Chapter 11 plan.  Doc. 14-1.

Nationstar moves to dismiss Young's appeal because it is moot in light of the bankruptcy court's dismissal of the Youngs' bankruptcy case.  I agree that the appeal is moot and recommend that the Court dismiss it.

    B.     Analysis

The district court has jurisdiction to hear appeals from final orders of the bankruptcy court.  *In re Moore*, 302 B.R. 112 (B.A.P. 10th Cir. 2003) (unpublished) (citing 28 U.S.C. § 158(a)).  "As a general rule, orders granting or denying relief from an automatic stay are appealable final orders."  *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 n.3 (10th Cir. 1994).  But to exercise jurisdiction, the Court must satisfy itself that the bankruptcy appeal is not moot.  *In re Long Shot Drilling, Inc.*, 224 B.R. 473, 477 (B.A.P. 10th Cir. 1998).  "A case is moot when the issues presented are no longer live or the parties lack a

---

[1] References to "RP" refer to the Bankruptcy Record on Appeal, which is in nine volumes and comprises Documents 4 through 12 filed in this Court.

[2] Consuelo Young is not a party to this appeal.

3

legally cognizable interest in the outcome." *Id*. (internal quotations and citation omitted). "A controversy is no longer 'live' if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position." *Id.* When an intervening event occurs during the pendency of an appeal that makes it impossible for a court to grant effectual relief, the appeal is moot and must be dismissed. *Id*.

The Tenth Circuit has held that appeals from orders granting relief from a stay are moot where the bankruptcy court dismissed the underlying bankruptcy case. *In re Evans*, 506 F. App'x 741, 743 (10th Cir. 2012) (unpublished) (holding that determining the validity of an order granting relief from the stay was moot because it "no longer [has] any real-world consequences because there is no longer an automatic stay in the underlying bankruptcy case."); s*ee also In re Gordon,* 743 F.3d 720, 722 (10th Cir. 2014) (finding appeal moot following dismissal of underlying bankruptcy case), *cert. denied sub nom. Gordon v. Bank of Am., N.A.,* 135 S. Ct. 2309 (2015); *In re Ames*, 973 F.2d 849, 852 (10th Cir.1992) ("because the bankruptcy court properly dismissed debtors' bankruptcy action, that court's order granting the Bank relief from the automatic stay is moot"). The bankruptcy court's dismissal of the bankruptcy case simply eliminates any action taken in that proceeding. *In re Gordon*, 743 F.3d at 722.

Young asks this Court to review—and potentially overturn—the bankruptcy judge's decision to lift the stay in favor of Nationstar. During the pendency of this appeal, however, the bankruptcy court dismissed Young's bankruptcy case. The Court cannot restore the original automatic stay because there is no underlying bankruptcy case in which to impose the stay, nor can the Court render any other relief that would have any real-world consequences. Young's appeal is therefore moot, and the Court should dismiss it.

IT IS THEREFORE RECOMMENDED that the Court grant Nationstar's Motion to Dismiss (Doc. 14).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge